## SPEARMAN *v.* SANDERS *et al.*

CANDLER, J.   1. A ground of a motion for a new trial which complains that the verdict is contrary to a given charge of the court is in effect a complaint that the verdict is contrary to law.

2. It was not error to allow a witness, whose testimony was sought to be impeached by proof of contradictory evidence given on a former trial of the same case, to explain the alleged contradiction in the light of what was testified to in the trial then being had.    *Savannah R. Co.* v. *Holland*, 82 *Ga.* 258.

3. The range of the questions submitted to the jury for answer was wide enough to comprehend all the essential elements of the case.   If counsel desired other questions submitted, a suggestion to that effect should have been made to the trial judge at the proper time.    *McCook* v. *Harp*, 81 *Ga.* 229.

4. The jury passing on the issues saw and heard all the witnesses, and knew their relation to each other and to the case itself.   There were many conflicts and contradictions to be solved.   While the judge who passed upon the motion for a new trial did not preside on the trial of the case, and hence his approval of the verdict does not carry the same force as that of the trial judge would have done, still it is entitled to weight in determining whether the verdict should be allowed to stand.   After a careful consideration of the entire brief of evidence we are not disposed to control his discretion in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concur, except Evans, J., disqualified.*

Argued November 19, — Decided December 12, 1904.

Equitable petition. Before Judge Evans ; motion for new trial before Judge Freeman. Heard superior court. July 2, 1904.

*W. A. Post* and *W. C. Wright,* for plaintiff in error.
*F. S. Loftin* and *H. A. Hall;* contra.